**Larry HATTEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–96–086–CR.**

Court of Appeals of Texas,
Corpus Christi.

March 12, 1998.

---

Nathaniel G. Rhodes, Corpus Christi, for appellant.

Carlos Valdez, District Attorney, James D. Rosenkild, Assistant District Attorney, Corpus Christi, for appellee.

Before SEERDEN, C.J., and CHAVEZ and RODRIGUEZ, JJ.

## ORDER

PER CURIAM.

Larry Hatten, appellant, was found guilty by a jury of aggravated assault.[1] The jury then assessed punishment at twenty years imprisonment. In one point of error, appellant complains of the trial court's failure to empanel a jury to determine his competency to stand trial. We remand this case to the trial court for a competency hearing.

The case for the aggravated assault of the complainant was tried in conjunction with a capital murder case for the death of the complainant's son. Appellant testified during the guilt/innocence phase of his trial. His two days of testimony was completed on Friday, February 2, 1996. The defense rested after appellant's testimony, and both sides closed. Appellant's trial was then recessed for the weekend.

When the trial resumed on Monday, appellant was not present in the courtroom. Appellant's lead attorney advised the court that appellant suffered some "kind of a nervous breakdown" over the weekend, and that appellant was not speaking to anyone. After

---

1. *See* TEX. PENAL CODE ANN. § 22.02(a)(1) (Vernon 1994).

much discussion, appellant was brought into the courtroom and remained present for the reading of the charge and the closing arguments. The jury deliberated just over an hour and one-half before returning a verdict of guilty. The trial then recessed for the day.

The following day, Tuesday, February 6, 1996, appellant's attorneys advised the court that appellant "may be suffering from some type of mental distress or mental illness or could possibly be not competent to stand trial" because of his demeanor and failure to communicate. Appellant's attorneys stated that there had been "kind of a brawl" between appellant and some guards on Monday, and that when appellant arrived at the courthouse "he wouldn't speak and he seemed like he was having some kind of a mental breakdown." Appellant's attorneys also noted that similar abnormal behavior was observed by appellant's mother and girlfriend. Appellant's lead counsel then noted that although appellant's competence was not important during closing arguments, appellant's assistance and testimony would be essential during the punishment phase. Concerned about appellant's competency, the trial court conducted a hearing outside the presence of the jury to determine whether a separate jury hearing on the issue of appellant's competence was warranted. TEX.CODE CRIM. PROC. ANN. art. 46.02 § 2(b) (Vernon 1979 & Supp.1997).

At this hearing, the trial court heard testimony from several witnesses. The nurse from the jail facility testified that her examination of appellant revealed no signs of concussion or head injury. An investigator from the district attorney's office then testified that he had observed appellant attempting to slide his foot out of a restraint the previous day as the court was reading the charge to the jury. A jailer then testified that he overhead appellant accurately and coherently conversing with another inmate.

Appellant's mother, however, testified that when she visited appellant in jail two days earlier, appellant was incoherent, walking back and forth, not speaking, and just not himself. When the trial court noted that it could not recall one instance, in all its experi-

ence in competency hearings, in which the defendant would not utter a word, appellant's mother responded that appellant's "trauma" was just too much for him and that everyone "takes it different."

As the next witness, appellant's girlfriend, was sworn in, appellant launched into a series of profanities. The trial court, concerned for the safety of appellant's girlfriend and others in the courtroom, removed appellant. The proceedings continued in appellant's absence.

Appellant's girlfriend testified that she had never witnessed appellant act as he just had. She then testified that she spoke to him on the phone on Sunday night for over an hour. She testified that appellant was making no sense, was talking in fragments, and was unresponsive to anything she said to him.

Appellant's lead attorney then testified that, despite numerous attempts, appellant had not uttered a word in response to questioning since the previous Friday, and that appellant has "just ... been in left field." Appellant's attorney then testified that, despite appellant's lack of communication, the question of appellant's ability to communicate was not a question that he could answer.

The final witness to testify was the psychiatrist who had been appointed to examine appellant. In his opinion, appellant was competent to stand trial, and appellant's refusal to speak or communicate was appellant's choice.

After hearing all this testimony, the trial court found that the trial could proceed without the need for a jury hearing on appellant's competence pursuant to section 4 of the code of criminal procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 46.02 § 4 (Vernon 1979 & Supp.1997). In a single point of error, appellant complains that the trial court abused its discretion in not conducting a section 4 competency hearing prior to sentencing.

■ A defendant is competent to stand trial if he has (1) the sufficient present ability to consult with his attorney with a reasonable degree of rational understanding, and (2) has a rational and factual understanding of the proceedings against him. TEX.CODE CRIM.

PROC. ANN. art. 46.02 § 1 (Vernon 1979); *Loftin v. State,* 660 S.W.2d 543, 545–46 (Tex. Crim.App.1983); *Brown v. State,* 871 S.W.2d 852, 858 (Tex.App.—Corpus Christi 1994, pet. ref'd). Article 46.02, § 2(b) requires the trial court, if any evidence of a defendant's incompetence is brought to its attention, to hold a hearing outside the presence of the jury to see if there is evidence to support a finding of incompetence to stand trial. TEX. CODE CRIM. PROC. ANN. art. 46.02 § 2(b) (Vernon 1979); *Bowser v. State,* 816 S.W.2d 518, 524 (Tex.App.—Corpus Christi 1991, no pet.). If some evidence is presented to support a finding of incompetency to stand trial, the trial court shall impanel a jury for a separate section 4 hearing on the defendant's competency. TEX.CODE CRIM. PROC. ANN. art. 46.02 § 4 (Vernon Supp.1997); *Barber v. State,* 737 S.W.2d 824, 828 (Tex.Crim.App.1987); *Mata v. State,* 632 S.W.2d 355, 358, 360 (Tex.Crim. App.1982); *Valdes–Fuerte v. State,* 892 S.W.2d 103, 107 (Tex.App.—San Antonio 1994, no pet.); *Brown,* 871 S.W.2d at 858, 859 n. 2. "Some evidence" means a quantity more than none or a scintilla, that rationally may lead to a conclusion of incompetency. *Sisco v. State,* 599 S.W.2d 607, 613 (Tex.Crim.App. 1980).

■ In reviewing the trial court's decision from a section 2(b) hearing that the evidence did not raise the issue of incompetence for submission to a separate jury, we view the evidence in the light most favorable to the party with the burden of securing the finding, disregarding contrary evidence and inferences. *Barber,* 737 S.W.2d at 828 (quoting *Sisco,* 599 S.W.2d at 612); *see also Casey v. State,* 924 S.W.2d 946, 948 n. 4 (Tex.Crim. App.1996); *Williams v. State,* 663 S.W.2d 832, 834 (Tex.Crim.App.1984).

■ Applying those standards to the facts of this case, we find that some evidence (at least more than a scintilla) was introduced at the section 2 hearing which indicated that appellant may have been incompetent to stand trial. The testimony of appellant's attorneys, mother, and girlfriend regarding appellant's inability to communicate related directly to the question of appellant's competency.

■ The State argues that evidence of appellant's non-communication does not constitute evidence that appellant lacked the ability to consult with counsel or did not understand the proceedings. While we recognize a difference between refusing to communicate as opposed to an inability to communicate, we find sufficient evidence here indicative of appellant's inability to communicate. Whether appellant purposefully chose to remain silent when questioned by his attorneys or otherwise faked his incompetence is a question for a jury in the section 4 hearing. At the section 4 hearing, appellant must prove his incompetency to stand trial by a preponderance of the evidence. *Brown,* 871 S.W.2d at 859 n. 2.

Therefore, because we find more than a scintilla of evidence in support of appellant's inability to assist counsel, without regard to any conflicting evidence, we hold that the trial court erred in not impaneling a jury for a separate section 4 hearing. *See Barber,* 737 S.W.2d at 828 (doctor's testimony that defendant was incompetent constitutes "some evidence" warranting a section 4 hearing); *Hawkins v. State,* 660 S.W.2d 65, 83–84 (Tex. Crim.App.1983, panel op.)(error to refuse to impanel a jury when the defendant's attorneys testified as to his incompetence, even though two psychiatrists contradicted this testimony, since attorneys' testimony presented some evidence of incompetence); *Sisco,* 599 S.W.2d at 613 (trial court, in considering doctor's report of competence, applied the wrong test).

Accordingly, we abate this appeal and remand the case to the trial court to (1) determine whether appellant's competency at the time of trial can be ascertained after the passage of almost two years, *Brown,* 871 S.W.2d at 860, and (2) hold a retrospective article 46.02 § 4 hearing on the issue of appellant's competency to stand trial. If the trial court determines that too much time has passed to hold a section 4 hearing, it shall grant a new trial on the issue of punishment.