NUMBER 13-98-587-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________

CONSUELO FREEMAN, Appellant,

v.

THE STATE OF TEXAS, Appellee.

___________________________________________________________________

On appeal from the 347th District Court of Nueces County, Texas.

__________________________________________________________________

O P I N I O N



Before Justices Dorsey, Yañez, and Hill (1)

Dissenting Opinion by Justice Hill



Consuelo Rodriguez, a/k/a Connie Freeman, was found guilty by a jury of retaliation (2) and now appeals. We reverse and
remand.

Background

The retaliation charge against appellant arose from her alleged conduct towards two witnesses who testified at a hearing to
revoke appellant's son's community supervision. According to testimony at appellant's trial, appellant had threatened the
witnesses with violence and also threatened to take steps to have the children of one of the witnesses removed from the
witness's custody by the State, if the witnesses testified at the revocation hearing. Judge Joaquin Villarreal presided over
both the son's revocation hearing and appellant's trial. During appellant's trial, the judge stated that he became aware that
the witnesses at the revocation hearing were reluctant to testify. The judge then questioned the witnesses, determined that
they had been threatened, and this questioning led to appellant being charged with retaliation.

Appellant challenges her conviction with four points of error. With her first point, appellant alleges that the trial court
erred by failing to hold a hearing on appellant's competency to stand trial. The remaining three points allege that appellant's
trial counsel rendered ineffective assistance of counsel.

Competency

A defendant is incompetent to stand trial if she lacks the ability to consult with her lawyer with a reasonable degree of
rational understanding, or lacks a rational as well as factual understanding of the proceedings against her. Tex. Code Crim.
Proc. Ann. art. 46.02, § 1A (Vernon Supp. 2001). A defendant is presumed competent to stand trial. Id. If some evidence
of the defendant's incompetency is brought to the attention of the court from any source, the court must conduct a
competency hearing outside of the jury's presence. Tex. Code Crim. Proc. art. 46.02, § 2(b) (Vernon 1979). "Some
evidence" means that there is more than a scintilla that rationally may lead to a conclusion of incompetency. Hatten v.
State, 978 S.W.2d 608, 611 (Tex. App.-Corpus Christi 1998, no pet.)(per curiam)(citing Sisco v. State, 599 S.W.2d 607,
613 (Tex. Crim. App. 1980)). 

A section 2 hearing is required only if the evidence brought to the judge's attention is such as to raise a bona fide doubt in
the judge's mind as to the defendant's competency to stand trial. Collier v. State, 959 S.W.2d 621, 625 (Tex. Crim. App.
1997). "In general, a bona fide doubt is raised, so as to require a section 2 hearing, only if the evidence indicates recent
severe mental illness, at least moderate mental retardation, or truly bizarre acts by the defendant." Id.

In the case now before this Court, appellant contends that she suffers from several psychological ailments; however,
appellant admits she never told her trial counsel about her problems. Appellant directs this Court to several incidents that
she argues would have triggered the requirements for a section 2 hearing. These include: emotional outbursts while
preparing a bill of exceptions on an untimely motion for new trial; being "fixated" on her son's case; her belief that she was
being persecuted by the District Attorney; and that her attorney became frustrated with her attempts to speak at inopportune
times in pretrial hearings.

We do not find that the evidence before the trial court was sufficient to raise a bona fide doubt as to appellant's competency
to stand trial. The outbursts and fixation on the son's case referenced by appellant occurred after the trial, during appellant's
attempt to create a bill of exceptions for a motion for new trial, and thus, were not available for the trial court to consider
before and during appellant's trial. What was before the trial court were examples of a defendant who wanted to speak and
argue during the trial. The conduct of the appellant before the trial court was not so bizarre as to suggest that she lacked the
necessary competency to stand trial. See Collier, 959 S.W.2d at 625. The trial court did not err by failing to hold a hearing
on appellant's competence to stand trial. Appellant's first point of error is overruled.

Ineffective Assistance of Counsel

In her second, third, and fourth issues, appellant argues that her trial counsel was ineffective. To determine if a trial
counsel's representation was ineffective to the point that it violated a defendant's Sixth Amendment right to counsel, we
apply the two-part test set out by the United States Supreme Court. Strickland v. Washington, 466 U.S. 668 (1984);
Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). To establish ineffective assistance of counsel, a defendant
must show that (1) his counsel's performance fell below an objective standard of reasonableness, and (2) the defendant
suffered harm as a result of his counsel's inadequate performance. Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999). The appellant must show a reasonable probability that, but for counsel's unprofessional errors, the outcome of the
trial would have been different. Id.; Holland v. State, 761 S.W.2d 307, 314 (Tex. Crim. App. 1988). In this context, a
reasonable probability is a probability sufficient to undermine confidence in the outcome. Thompson, 9 S.W.3d at 812;
Hernandez, 726 S.W.2d at 55. The purpose of this inquiry is to determine if the trial counsel's errors undermined the
proper functioning of the adversarial process to the point that the trial cannot be relied on to have produced a reliable result. 
Thompson, 9 S.W.3d at 812. There is a strong presumption that the trial counsel provided effective assistance. Stafford v.
State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). 

The assessment of whether a defendant received effective assistance of counsel must be made according to the facts of each
case. Thompson, 9 S.W.3d at 813. There is a strong presumption that trial counsel's conduct was reasonable and
constitutes sound trial strategy. Strickland, 466 U.S. at 689; McFarland v. State, 845 S.W.2d 824, 843 (Tex. Crim. App.
1992). It is possible for a single egregious error of omission by appellant's counsel to constitute ineffective assistance. 
Thompson, 9 S.W.3d at 813. The standards for ineffective assistance are applicable to noncapital sentencing proceedings. 
Hernandez v. State, 988 S.W.2d 770 (Tex. Crim. App. 1999). In her second point of error, appellant argues that her trial
counsel was ineffective for failing to file a motion to recuse Judge Villarreal.

Recusal

Recusal of judges is governed by Texas Rule of Civil Procedure 18a. The court of criminal appeals has held that this rule
applies to criminal cases. Arnold v. State, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993). A judge must recuse himself in
any case in which his impartiality might reasonably be questioned. Tex. R. Civ. P. 18a(2)(a). A judge also must recuse
himself when he has personal knowledge of disputed evidentiary facts concerning the proceeding. Tex. R. Civ. P.
18a(2)(b). 

Appellant was convicted of retaliation, a charge which was brought against her following an investigation instigated by
Judge Villarreal. At a pretrial hearing, the judge stated that he had become suspicious when two witnesses were reluctant
to testify against appellant's son at a hearing to revoke his community supervision. Judge Villarreal questioned the
witnesses and the witnesses' responses to his questioning led to appellant's indictment. As the judge stated at the pretrial
hearing, although he did not file the charges, he suspected "that there was something wrong going on" and he "halfway
approved" the filing of the charges against appellant.

The judge's own statements indicate that he was both a potential witness in appellant's case, and that he was biased because
of the knowledge he had of the case. This is not a case in which the trial judge merely signed an arrest or search warrant. 
See Kemp v. State, 846 S.W.2d 289, 306 (Tex. Crim. App. 1992) (mere fact that a trial judge issued a defendant's search or
arrest warrant alone does not establish bias). In the case now before this Court, the trial judge instigated the process by
which appellant was charged. The judge's act of interviewing two potential witnesses prior to the investigation by the State
which led to charges being filed against appellant placed the judge in the position of being, potentially, a witness in the
appellant's trial. The fact that he presided over the hearing at which the witnesses were reluctant to testify also makes the
judge a potential witness in the retaliation case.

The trial judge's comments at the punishment stage demonstrate that his awareness of the facts in the case affected his
assessment of punishment. At the punishment phase of the trial, the judge, in imposing sentence, stated: "[i]n fact, before
even this defendant was charged, felt [sic] that there was something going on as to why the witnesses were reluctant to
testify. Then the court heard evidence why. I agree with the State that the defendant should serve time."

Under the unique circumstances presented by this case, the failure of appellant's trial counsel to move for the recusal of the
trial judge was ineffective assistance. The trial judge had knowledge of the case that made him a potential witness and that
likely prejudiced him against the appellant. The trial judge's statements at sentencing indicate that his assessment of
punishment was influenced by his knowledge of the facts in the case; there is a reasonable probability that, had he been
recused, the outcome of the case would have been different. The involvement of the trial judge in the events leading to the
filing of charges in this case undermine confidence in the adversarial process. See Thompson, 9 S.W.3d at 813. We can
find no reasonable strategy for failing to move to recuse a judge who was an active participant in bringing charges against
the defendant. The trial counsel's error in not moving to recuse Judge Villarreal renders the result of this trial unreliable. 
See Strickland v. Washington, 466 U.S. at 687. Appellant's second point of error is sustained. Because this point of error is
dispositive, we do not address appellant's third and fourth points of error. Tex. R. App. P. 47.1.

The judgment of the trial court is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.





LINDA REYNA YAÑEZ

Justice



Dissenting opinion by retired 

Justice John Hill



Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the

16th day of August, 2001.

1. Senior Justice John Hill assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't
Code Ann. § 74.003 (Vernon 1998).

2. Tex. Pen. Code Ann. § 36.06 (Vernon Supp. 1994).




NUMBER 13-98-587-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________

CONSUELO FREEMAN , Appellant,


v.

THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 347th District Court

of Nueces County, Texas.

___________________________________________________________________


DISSENTING OPINION

Before Justices Dorsey, Yañez, and Hill (1)

Dissenting Opinion by Justice Hill



I respectfully dissent because the record is silent as to why trial counsel chose not to move to recuse the trial judge in this
case. The review of defense counsel's representation is highly deferential. Tong v. State, 25 S.W.3d 707, 712 (Tex. Cri..
App, 2000). We engage in a strong presumption that counsel's actions fall within the strange of reasonably professional
assistance. Id. It is an appellant's burden to overcome the presumption that, under the circumstances, the challenged action
might be considered sound trial strategy. Id. The appellant cannot meet this burden if the record does not specifically
focus on the reasons for the conduct of trial counsel. Stults v. State, 23 S.W.3d 198, 208 (Tex. App.-Houston [14th Dist.]
2000, pet. ref'd). When the record is silent as to counsel's reasons for his conduct, finding trial counsel ineffective calls for
speculation by the appellate court. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). When counsel is
alleged to be ineffective because of an error of omission, collateral attack is the better vehicle for developing a claim of
ineffectiveness of counsel. Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998). 

The majority in its opinion makes a good case for the recusal of the trial judge. However, it does not discuss the fact that
the record is silent as to why trial counsel did not move for recusal. While the majority finds that there was no reasonable
strategy in counsel's failure to move for recusal, I would submit that there could be more than one reason why trial counsel
might have reasonably chosen not to move for a recusal of the trial judge: counsel could have had great confidence in the
integrity of the trial court and its ability to hear the case fairly; or counsel might have been concerned about the ability or
temperament of a judge who would be likely to hear the case in the event the motion was successful. The majority has
determined that counsel's strategy was unreasonable without knowing what the strategy was. As previously noted, it is
improper for this court to speculate as to what counsel's reason might have been for not filing the motion. I respectfully
disagree with the majority's conclusion that there could be no reasonable sound trial strategy in failing to file the motion. I
believe that, depending upon the circumstances, either of the reasons I have discussed could constitute a reasonable trial
strategy. There might have been another reason of which I am not aware. This case should be affirmed and Freeman
should be given the opportunity to pursue her claim of ineffective assistance of counsel by means of a writ of habeas corpus.





______________________________

JOHN HILL,

Senior Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Dissenting Opinion delivered and filed

this 16th day of August, 2001. 

1. Senior Justice John Hill assigned to this court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't
Code Ann. § 74.003 (Vernon 1998).