NO. 07-01-0494-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 9, 2003



______________________________




DENNIS W. LOVE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-435334; HONORABLE JIM BOB DARNELL, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Dennis W. Love, appellant, appeals his conviction for aggravated sexual assault.
He presents five issues for our review. The first three involve his competency to stand
trial. The fourth alleges that the evidence was not legally or factually sufficient to support
a finding of aggravated sexual assault. Appellant's fifth issue asserts there was insufficient
evidence to support a finding of the lesser included offense of indecency with a child. We
affirm.

COMPETENCY TO STAND TRIAL

 In his first three issues, appellant alleges the trial court erred (1) in not conducting
a hearing on his competency to stand trial in accordance with article 46.02 section 2(a) or
(b) of the Texas Code of Criminal Procedure, (2) in not impaneling a jury to determine his
competency in accordance with article 46.02, section 4 of the Texas Code of Criminal
Procedure, and (3) in violating his federal and state due process rights by failing to inquire
into his competency to stand trial. 

 A person is incompetent to stand trial if he does not have sufficient present ability
to consult with his lawyer with a reasonable degree of rational understanding, or a rational
as well as factual understanding of the proceedings against him. Tex. Code Crim. Proc.
Ann. art. 46.02, § 1A (Vernon Supp. 2003).

 Section 2 of article 46.02 of the Code of Criminal Procedure describes the
procedure for raising the issue in the trial court, as follows:

 (a) The issue of the defendant's incompetency to stand trial shall be
determined in advance of the trial on the merits if the court determines there
is evidence to support a finding of incompetency to stand trial on its own
motion or on written motion by the defendant or his counsel filed prior to the
date set for trial on the merits asserting that the defendant is incompetent to
stand trial.


 (b) If during the trial evidence of the defendant's incompetency is brought to
the attention of the court from any source, the court must conduct a hearing
out of the presence of the jury to determine whether or not there is evidence
to support a finding of incompetency to stand trial.


Tex. Code Crim. Proc. Ann. art. 46.02, § 2 (Vernon Supp. 2003).

 We review the trial court's actions under section 2 under an abuse of discretion
standard. Moore v. State, 999 S.W.2d 385, 393 (Tex.Crim.App. 1999); Means v. State,
955 S.W.2d 686, 689-90 (Tex.App.-Amarillo 1997, pet. ref'd, untimely filed). A trial court
abuses its discretion if its decision was arbitrary or unreasonable, Brown v. State, 960
S.W.2d 772, 778 (Tex.App.--Dallas 1997, pet. ref'd), or fell outside the zone of reasonable
disagreement. Benitez v. State, 5 S.W.3d 915, 918 (Tex.App.--Amarillo 1999, pet. ref'd).

 Since the parties submitted their briefs in this case, the Court of Criminal Appeals
has issued its opinion in McDaniel v. State, 98 S.W.3d 704 (Tex.Crim.App. 2003). The
opinion clarifies the responsibilities of a trial court under sections 2 and 4 of article 46.02.
The trial court must conduct a "competency inquiry" (1) under section 2 if (1) the competency
issue is raised by the defendant, any party or the court, and (2) evidence of incompetency
is brought to the attention of the court, which evidence (3) is of the type to raise a bona fide
doubt in the judge's mind (2) regarding the defendant's competency to stand trial. McDaniel,
98 S.W.3d at 710-11. The requirements of each step must be fulfilled before moving on
to the next. Id. at 711. Regardless whether the issue is raised before trial (under section
2(a)) or during trial (under section 2(b)), then, the obligation to conduct a competency
inquiry arises only if evidence of the type to raise the bona fide doubt is brought to the
attention of the trial court. See also Collier v. State, 959 S.W.2d 621, 625 (Tex.Crim.App.
1997). Only when the requirements of the first three steps have been met and the court
(following the competency inquiry) determines that there is some evidence sufficient to
support a finding of incompetence must the court conduct a competency hearing before
a jury under section 4. McDaniel, 98 S.W.3d at 711.

 The court also affirmed that the filing of a motion by the defendant or his counsel
under section 2(a) is not sufficient, without evidence of the type to raise the bona fide
doubt regarding competency, to require a competency inquiry. McDaniel, 98 S.W.3d at
711.

 Restating the issues, appellant contends that the trial court erred in not conducting
a competency inquiry under section 2 and in not conducting a competency hearing under
section 4, and contends his federal and state due process rights were thereby violated.
Our initial inquiry, then, is whether evidence of the type to raise a bona fide doubt
regarding appellant's competency to stand trial was brought to the attention of the trial
court. We find that it was not. 




 
 Before trial
 


 Before trial, appellant's counsel filed a motion requesting a psychiatric examination,
by which counsel asserted that appellant did not meet the section 1A requirements for
competency to stand trial. Tex. Code Crim. Proc. art. 46.02, § 1A (Vernon Supp. 2003).
The motion was supported by an attached affidavit stating that, based on conversations
with appellant and observations of his behavior, it was counsel's personal belief that
appellant was not competent to stand trial. The trial court appointed an independent expert
to perform an examination. After examining appellant, the expert submitted his report to
the court. The report concluded that appellant was competent to stand trial.

 The motion filed by appellant's trial counsel did not bring to the court's attention
evidence of the type to raise a bona fide doubt regarding appellant's competency to stand
trial. Unlike the motion discussed in McDaniel, 98 S.W.3d at 711, appellant's counsel's
motion did assert that appellant lacked competency. But counsel's sworn statement of his
personal belief is not evidence of the type required, nor are the statements that counsel's
belief is based on conversations with his client and observing his client's behavior. See
id. at 710 n.19 (giving, as example of sufficient evidence, attorney's recitation of "specific
problems he has had in communicating with his client"); Moore, 999 S.W.2d at 394 
(holding insufficient counsel's allegation of "unspecified difficulties in communicating" with
client; information must be "specific and illustrative of a present inability to communicate"). 

 Neither did the expert's report bring to the attention of the court evidence sufficient
to raise the bona fide doubt. The expert's report stated his opinion that there was no
indication that appellant was mentally retarded. The expert found indications that
appellant suffered from a major depressive disorder and chemical dependency, and made
reference to appellant's prescriptions for antidepressant and other mood-stabilizing
medications, but found "no indication at the time of the interview and examination that
appellant was suffering from a severely abnormal mental condition which would grossly
and demonstrably impair his perception and understanding of reality." The opinion of the
expert was, in part, that appellant's "ability to consult with his attorney with a reasonable
degree of rational understanding is not impaired." 

 A defendant's propensity toward depression does not necessarily indicate that he
is incompetent to stand trial under the requirements of section 1A. Moore, 999 S.W.2d at
395. Evidence of depression or prior hospitalization, without an adequate indication of
severe mental illness or recent impairment, does not preclude a trial court from finding a
defendant competent without a competency inquiry under section 2. Id. In Collier, evidence
that the defendant suffered from major depression disorder was not sufficient to raise the
bona fide doubt. 959 S.W.2d at 625. 

 The expert's report also makes reference to other aspects of appellant's mental
health history that could have had a bearing on his competency to stand trial. The report,
though, does not contain descriptions of recent severe mental illness or bizarre acts or of
moderate retardation, which generally are held to be required to raise the issue of
competency through a defendant's mental health history. Moore, 999 S.W.2d at 395; see
Alcott, 51 S.W.3d at 599 n10.


 
 During trial
 


 Appellant also argues that evidence brought to the attention of the court during trial
required the initiation of a competency inquiry. Appellant references information in State's
Exhibit 8, which contains appellant's MHMR records, as evidence of appellant's
incompetency. We agree with the State, though, that there is nothing to show that any part
of Exhibit 8 ever was reviewed by the court. The exhibit, consisting of some 500 pages of
records, was marked and the records were identified during the punishment phase of the
trial (which was conducted before the court), but never admitted into evidence. When the
State attempted to introduce the exhibit, appellant's counsel objected to portions of it.
Those objections were sustained. Because the documents contained in the exhibit were
not in numerical order, the court requested that briefs be filed as to what pages were or
were not admissible, to aid the court in determining which pages would be allowed into
evidence. The record is silent concerning whether the requested briefs were submitted by
either side, but the record does not reflect that the exhibit ever was admitted into evidence.

 Later during the prosecution's case on punishment, Skipper Ford, appellant's case
manager with the parole division of the Texas Department of Criminal Justice, testified
about a meeting she attended at which appellant made statements about his prior sexual
contacts with animals and other sexual misdeeds and about his thoughts of suicide. Ford
further testified that appellant's statements concerning his "plan of action" for committing
suicide caused Ford to initiate a "crisis intervention," resulting in appellant's placement in
a mental health facility. The prosecutor had Ford identify three of the pages from Exhibit
8 as containing references to the matters about which she had testified. Ford's testimony,
though, did not describe the contents of the three pages sufficiently to say that the court
was made aware of their contents except in the most general sense. Again, the three
pages were not offered into evidence, and the record does not reflect that the court ever
read them.

 Appellant cites Hatten v. State, 978 S.W.2d 608 (Tex.App.-Corpus Christi 1998, no
pet.) and Brown v. State, 871 S.W.2d 852 (Tex.App.-Corpus Christi 1994 writ ref'd).
Circumstances present in both those cases distinguish them from this case. In Hatten, the
defendant ceased communicating with his lawyers during the trial, and in Brown, on the
trial court's own motion, the defendant was examined by an expert pursuant to section 3
before trial but, despite the court's order, no evaluation report was filed with the court.

 The trial court did not abuse its discretion in failing to initiate a competency inquiry,
before or during trial. Based on the information brought to its attention concerning
appellant's capability at that time of consulting with counsel or understanding the
proceedings against him, we cannot say that the court's failure to initiate a competency
inquiry was arbitrary or fell outside the zone of reasonable disagreement. 

 There is another reason appellant's first issue must be overruled. After the expert's
report was filed, the issue of competency was not raised again. The court held a pretrial
hearing to address pending motions, but there was no request for a competency hearing,
and no attempt made to refute the expert's opinion. As appellant candidly points out in his
brief, this court has held that the issue of incompetency to stand trial may be waived.
Means, 955 S.W.2d at 689. The McDaniel opinion validates the application of waiver to
the issue of incompetency to stand trial. McDaniel, 98 S.W.3d at 711-12 n.23. In the
absence of a timely request, objection or motion to the trial court asking for an inquiry,
appellant's complaint under his first issue is not preserved for our review. Tex. R. App.
Proc. 33.1. 

 For these reasons, we overrule appellant's first issue. Since we have determined
that the court acted within its discretion not to conduct a competency inquiry, it follows that
failing to convene a competency hearing was not an abuse of its discretion. McDaniel, 98
S.W.3d at 711. We therefore overrule appellant's second issue.

 Appellant's third issue, by which he asserts that his due process rights were violated
by the court's failure to conduct the competency inquiry and hearing, is presented and
briefed with his first two issues. He does not cite additional authority or present additional
argument in support of the due process argument. Having overruled his first and second
issues, and finding that the third issue presents nothing additional for our review, we
overrule it as well. 

SUFFICIENCY OF EVIDENCE

 Appellant's remaining issues concern the legal and factual sufficiency of the
evidence. Appellant argues specifically in his fourth issue that there is no evidence, or in
the alternative, insufficient evidence, in the record to support the jury's verdict that
appellant was guilty of aggravated sexual assault. 

 The record shows that appellant was living with the victim, her mother and her two
sisters. At the time of the offense, the victim was 11 years old. She slept in a bedroom with
her two sisters, and her mother slept in another bedroom shared with appellant. The victim
testified that one evening she was sleeping in the living room because one of her sisters
had a friend over. According to the victim's testimony, appellant raised up the victim's
nightgown, pulled down her panties and moved his finger around in her vagina. The victim
made him stop and went into the bedroom where her sister and the friend were staying. 
Two days later, in the morning, after the victim's mother went to work, the victim was
awakened by appellant, who was touching her vaginal area with his finger. At this time she
was asleep in the top bed of a bunk bed, in her bedroom. 

 We first consider the legal sufficiency of the evidence. See Clewis v. State, 922
S.W.2d 126, 133 (Tex.Crim.App. 1996). In conducting a legal sufficiency review, we
examine the verdict, after viewing the evidence in the light most favorable to the
prosecution, to determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319,
99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560, 573 (1979); Clewis, 922 S.W.2d at 132-33.

 If we find the evidence legally sufficient, we consider its factual sufficiency. See
Clewis, 922 S.W.2d at 133. We evaluate the factual sufficiency by viewing all the
evidence, not considering it in the light most favorable to the prosecution. It is the
exclusive province of the jury to determine the credibility of the witnesses and the weight
to be given their testimony. Accordingly, we defer to the jury's determination on those
matters. Johnson v. State, 23 S.W.3d 1, 8 (Tex.Crim.App. 2000). The verdict will be set
aside on factual sufficiency grounds only if it is so contrary to the overwhelming weight of
the evidence as to be clearly wrong and unjust. Id. at 7. 

 A person commits aggravated sexual assault if the person intentionally or knowingly
causes the penetration of the anus or female sexual organ of a child by any means and
the victim is younger than 14 years of age. Tex. Pen. Code Ann. § 22.021(a)(1)(B)(i) and
(a)(2)(B) (Vernon 2003). Appellant challenges the legal and factual sufficiency of the
evidence to support any finding, beyond a reasonable doubt, that he penetrated the
victim's female sexual organ with his finger. The record contains testimony of the victim
responding to questions asked by the prosecutor as follows:

 Q: What did he do with his finger?

 A: He was moving it around.

 Q: Where was he moving it around, B.?

 A: In my private part.

 Q: Your private part, is that-do you also call that your vagina?

 A: Yes.

 The state was required to prove that appellant penetrated the female sexual organ
of the victim. This element is satisfied by proof of any penetration, no matter how slight.
Cowan v. State, 562 S.W.2d 236, 238 (Tex.Crim.App. 1978); Murphy v. State, 4 S.W.3d
926, 929 (Tex.App.-Waco 1999, pet. ref'd). Contact with the female sexual organ in a
manner a reasonable person would consider more intrusive than contact with the outer
vaginal lips constitutes penetration. Vernon v. State, 841 S.W.2d 407, 409 (Tex.Crim.App.
1992). There was direct testimony that appellant's finger entered the victim's vagina. The
victim's medical records show the victim told medical personnel that appellant "put his
fingers in her vagina." Testimony from the victim's mother and officers who first interviewed
the victim are consistent with the victim's testimony at trial.

 The State presented testimony from the victim's treating physician, Elaine
Maldonado, M.D., and evidence in the form of medical records, documenting the victim's
treatment at a local emergency room. The mother of the victim had taken her to be
evaluated in regard to the alleged sexual assault by appellant. Appellant points out that
Dr. Maldonado testified she found nothing abnormal in her examination of the victim. Dr.
Maldonado's notes in the victim's medical records state there was "no physical evidence
of penetration." In addition, the medical records contained a remark indicating the victim
stated she had not been penetrated. 

 This evidence is not persuasive when reviewed in the context of Dr. Maldonado's
complete testimony. She testified that it was not unusual for there to be no physical signs
of injury in cases of "digital penetration" or improper touching. She stated that it would
take "a lot of trauma to that area" to cause a change that would be evident on a physical
exam. 

 A jury considering all the evidence could rationally conclude, beyond a reasonable
doubt, that appellant penetrated the victim's sexual organ with his finger. When tested
against the entire record, the finding would not be unjust or clearly wrong. Because the
verdict was supported by legally and factually sufficient evidence, we overrule appellant's
fourth issue.

 Our disagreement with appellant's fourth issue renders it unnecessary to address
his fifth issue, as to whether evidence was insufficient to find appellant guilty of a lesser
included offense of indecency with a child. We affirm the judgment of the trial court. 


 James T. Campbell

 Justice


 


Do not publish.

 


1. In this opinion, we will use the language used by the parties and other recent
opinions, referring to a preliminary determination under section 2 as a "competency
inquiry" and the jury hearing under section 4 as a "competency hearing." See Alcott v.
State, 51 S.W.3d 596, 600-01 (Tex.Crim.App. 2001).
2. The Court of Criminal Appeals has used other similar phrases to describe the
evidentiary standard. See, e.g. Alcott, 51 S.W.3d at 599 n.10 ("[evidence] sufficient to
create a bona fide doubt"); Collier v. State, 959 S.W.2d 621, 625 (Tex.Crim.App. 1997)
("[evidence] such as to raise a bona fide doubt").