NO. 07-01-0494-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 9, 2003

_____


DENNIS W. LOVE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-435334; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.


MEMORANDUM OPINION


Dennis W. Love, appellant, appeals his conviction for aggravated sexual assault. He presents five issues for our review. The first three involve his competency to stand trial. The fourth alleges that the evidence was not legally or factually sufficient to support a finding of aggravated sexual assault. Appellant's fifth issue asserts there was insufficient

evidence to support a finding of the lesser included offense of indecency with a child. We affirm.

## COMPETENCY TO STAND TRIAL

In his first three issues, appellant alleges the trial court erred (1) in not conducting a hearing on his competency to stand trial in accordance with article 46.02 section 2(a) or (b) of the Texas Code of Criminal Procedure, (2) in not impaneling a jury to determine his competency in accordance with article 46.02, section 4 of the Texas Code of Criminal Procedure, and (3) in violating his federal and state due process rights by failing to inquire into his competency to stand trial.

A person is incompetent to stand trial if he does not have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, or a rational as well as factual understanding of the proceedings against him. Tex. Code Crim. Proc. Ann. art. 46.02, § 1A (Vernon Supp. 2003).

Section 2 of article 46.02 of the Code of Criminal Procedure describes the procedure for raising the issue in the trial court, as follows:

> (a) The issue of the defendant's incompetency to stand trial shall be determined in advance of the trial on the merits if the court determines there is evidence to support a finding of incompetency to stand trial on its own motion or on written motion by the defendant or his counsel filed prior to the date set for trial on the merits asserting that the defendant is incompetent to stand trial.

2

(b) If during the trial evidence of the defendant's incompetency is brought to the attention of the court from any source, the court must conduct a hearing out of the presence of the jury to determine whether or not there is evidence to support a finding of incompetency to stand trial.

Tex. Code Crim. Proc. Ann. art. 46.02, § 2 (Vernon Supp. 2003).

We review the trial court's actions under section 2 under an abuse of discretion standard. *Moore v. State,* 999 S.W.2d 385, 393 (Tex.Crim.App. 1999); *Means v. State*, 955 S.W.2d 686, 689-90 (Tex.App.–Amarillo 1997, pet. ref'd, untimely filed). A trial court abuses its discretion if its decision was arbitrary or unreasonable, *Brown v. State*, 960 S.W.2d 772, 778 (Tex.App.--Dallas 1997, pet. ref'd), or fell outside the zone of reasonable disagreement. *Benitez v. State*, 5 S.W.3d 915, 918 (Tex.App.--Amarillo 1999, pet. ref'd).

Since the parties submitted their briefs in this case, the Court of Criminal Appeals has issued its opinion in *McDaniel v. State*, 98 S.W.3d 704 (Tex.Crim.App. 2003). The opinion clarifies the responsibilities of a trial court under sections 2 and 4 of article 46.02. The trial court must conduct a "competency inquiry"[1] under section 2 if (1) the competency issue is raised by the defendant, any party or the court, and (2) evidence of incompetency is brought to the attention of the court, which evidence (3) is of the type to raise a *bona fide* doubt in the judge's mind[2] regarding the defendant's competency to stand trial. *McDaniel*,

[1]In this opinion, we will use the language used by the parties and other recent opinions, referring to a preliminary determination under section 2 as a "competency inquiry" and the jury hearing under section 4 as a "competency hearing." *See Alcott v. State*, 51 S.W.3d 596, 600-01 (Tex.Crim.App. 2001).

[2]The Court of Criminal Appeals has used other similar phrases to describe the evidentiary standard. *See, e.g. Alcott*, 51 S.W.3d at 599 n.10 ("[evidence] sufficient to

98 S.W.3d at 710-11. The requirements of each step must be fulfilled before moving on to the next. *Id.* at 711. Regardless whether the issue is raised before trial (under section 2(a)) or during trial (under section 2(b)), then, the obligation to conduct a competency inquiry arises only if evidence of the type to raise the *bona fide* doubt is brought to the attention of the trial court. *See also Collier v. State*, 959 S.W.2d 621, 625 (Tex.Crim.App. 1997). Only when the requirements of the first three steps have been met and the court (following the competency inquiry) determines that there is some evidence sufficient to support a finding of incompetence must the court conduct a competency hearing before a jury under section 4. *McDaniel,* 98 S.W.3d at 711.

The court also affirmed that the filing of a motion by the defendant or his counsel under section 2(a) is not sufficient, without evidence of the type to raise the *bona fide* doubt regarding competency, to require a competency inquiry. *McDaniel*, 98 S.W.3d at 711.

Restating the issues, appellant contends that the trial court erred in not conducting a competency inquiry under section 2 and in not conducting a competency hearing under section 4, and contends his federal and state due process rights were thereby violated. Our initial inquiry, then, is whether evidence of the type to raise a *bona fide* doubt regarding appellant's competency to stand trial was brought to the attention of the trial court. We find that it was not.

---

create a *bona fide* doubt"); *Collier v. State*, 959 S.W.2d 621, 625 (Tex.Crim.App. 1997) ("[evidence] such as to raise a *bona fide* doubt").

A.    *Before trial*

Before trial, appellant's counsel filed a motion requesting a psychiatric examination, by which counsel asserted that appellant did not meet the section 1A requirements for competency to stand trial. Tex. Code Crim. Proc. art. 46.02, § 1A (Vernon Supp. 2003). The motion was supported by an attached affidavit stating that, based on conversations with appellant and observations of his behavior, it was counsel's personal belief that appellant was not competent to stand trial. The trial court appointed an independent expert to perform an examination. After examining appellant, the expert submitted his report to the court. The report concluded that appellant was competent to stand trial.

The motion filed by appellant's trial counsel did not bring to the court's attention evidence of the type to raise a *bona fide* doubt regarding appellant's competency to stand trial. Unlike the motion discussed in *McDaniel*, 98 S.W.3d at 711, appellant's counsel's motion did assert that appellant lacked competency. But counsel's sworn statement of his personal belief is not evidence of the type required, nor are the statements that counsel's belief is based on conversations with his client and observing his client's behavior. *See id*. at 710 n.19 (giving, as example of sufficient evidence, attorney's recitation of "specific problems he has had in communicating with his client"); *Moore*, 999 S.W.2d at 394 (holding insufficient counsel's allegation of "unspecified difficulties in communicating" with client; information must be "specific and illustrative of a present inability to communicate").

5

Neither did the expert's report bring to the attention of the court evidence sufficient to raise the *bona fide* doubt. The expert's report stated his opinion that there was no indication that appellant was mentally retarded. The expert found indications that appellant suffered from a major depressive disorder and chemical dependency, and made reference to appellant's prescriptions for antidepressant and other mood-stabilizing medications, but found "no indication at the time of the interview and examination that appellant was suffering from a severely abnormal mental condition which would grossly and demonstrably impair his perception and understanding of reality." The opinion of the expert was, in part, that appellant's "ability to consult with his attorney with a reasonable degree of rational understanding is not impaired."

A defendant's propensity toward depression does not necessarily indicate that he is incompetent to stand trial under the requirements of section 1A. *Moore*, 999 S.W.2d at 395. Evidence of depression or prior hospitalization, without an adequate indication of severe mental illness or recent impairment, does not preclude a trial court from finding a defendant competent without a competency inquiry under section 2. *Id*. In *Collier*, evidence that the defendant suffered from major depression disorder was not sufficient to raise the *bona fide* doubt. 959 S.W.2d at 625.

The expert's report also makes reference to other aspects of appellant's mental health history that could have had a bearing on his competency to stand trial. The report, though, does not contain descriptions of recent severe mental illness or bizarre acts or of moderate retardation, which generally are held to be required to raise the issue of

6

competency through a defendant's mental health history. *Moore*, 999 S.W.2d at 395; *see Alcott*, 51 S.W.3d at 599 n10.

B.    *During trial*

Appellant also argues that evidence brought to the attention of the court during trial required the initiation of a competency inquiry. Appellant references information in State's Exhibit 8, which contains appellant's MHMR records, as evidence of appellant's incompetency. We agree with the State, though, that there is nothing to show that any part of Exhibit 8 ever was reviewed by the court. The exhibit, consisting of some 500 pages of records, was marked and the records were identified during the punishment phase of the trial (which was conducted before the court), but never admitted into evidence. When the State attempted to introduce the exhibit, appellant's counsel objected to portions of it. Those objections were sustained.  Because the documents contained in the exhibit were not in numerical order, the court requested that briefs be filed as to what pages were or were not admissible, to aid the court in determining which pages would be allowed into evidence. The record is silent concerning whether the requested briefs were submitted by either side, but the record does not reflect that the exhibit ever was admitted into evidence.

Later during the prosecution's case on punishment, Skipper Ford, appellant's case manager with the parole division of the Texas Department of Criminal Justice, testified about a meeting she attended at which appellant made statements about his prior sexual contacts with animals and other sexual misdeeds and about his thoughts of suicide. Ford

further testified that appellant's statements concerning his "plan of action" for committing suicide caused Ford to initiate a "crisis intervention," resulting in appellant's placement in a mental health facility. The prosecutor had Ford identify three of the pages from Exhibit 8 as containing references to the matters about which she had testified. Ford's testimony, though, did not describe the contents of the three pages sufficiently to say that the court was made aware of their contents except in the most general sense. Again, the three pages were not offered into evidence, and the record does not reflect that the court ever read them.

Appellant cites *Hatten v. State*, 978 S.W.2d 608 (Tex.App.–Corpus Christi 1998, no pet.) and *Brown v. State*, 871 S.W.2d 852 (Tex.App.–Corpus Christi 1994 writ ref'd). Circumstances present in both those cases distinguish them from this case. In *Hatten*, the defendant ceased communicating with his lawyers during the trial, and in *Brown*, on the trial court's own motion, the defendant was examined by an expert pursuant to section 3 before trial but, despite the court's order, no evaluation report was filed with the court.

The trial court did not abuse its discretion in failing to initiate a competency inquiry, before or during trial. Based on the information brought to its attention concerning appellant's capability at that time of consulting with counsel or understanding the proceedings against him, we cannot say that the court's failure to initiate a competency inquiry was arbitrary or fell outside the zone of reasonable disagreement.

There is another reason appellant's first issue must be overruled. After the expert's report was filed, the issue of competency was not raised again. The court held a pretrial hearing to address pending motions, but there was no request for a competency hearing, and no attempt made to refute the expert's opinion. As appellant candidly points out in his brief, this court has held that the issue of incompetency to stand trial may be waived. *Means*, 955 S.W.2d at 689. The *McDaniel* opinion validates the application of waiver to the issue of incompetency to stand trial. *McDaniel*, 98 S.W.3d at 711-12 n.23. In the absence of a timely request, objection or motion to the trial court asking for an inquiry, appellant's complaint under his first issue is not preserved for our review. Tex. R. App. Proc. 33.1.

For these reasons, we overrule appellant's first issue. Since we have determined that the court acted within its discretion not to conduct a competency inquiry, it follows that failing to convene a competency hearing was not an abuse of its discretion. *McDaniel*, 98 S.W.3d at 711. We therefore overrule appellant's second issue.

Appellant's third issue, by which he asserts that his due process rights were violated by the court's failure to conduct the competency inquiry and hearing, is presented and briefed with his first two issues. He does not cite additional authority or present additional argument in support of the due process argument. Having overruled his first and second issues, and finding that the third issue presents nothing additional for our review, we overrule it as well.

9

## SUFFICIENCY OF EVIDENCE

Appellant's remaining issues concern the legal and factual sufficiency of the evidence. Appellant argues specifically in his fourth issue that there is no evidence, or in the alternative, insufficient evidence, in the record to support the jury's verdict that appellant was guilty of aggravated sexual assault.

The record shows that appellant was living with the victim, her mother and her two sisters. At the time of the offense, the victim was 11 years old. She slept in a bedroom with her two sisters, and her mother slept in another bedroom shared with appellant. The victim testified that one evening she was sleeping in the living room because one of her sisters had a friend over. According to the victim's testimony, appellant raised up the victim's nightgown, pulled down her panties and moved his finger around in her vagina. The victim made him stop and went into the bedroom where her sister and the friend were staying. Two days later, in the morning, after the victim's mother went to work, the victim was awakened by appellant, who was touching her vaginal area with his finger. At this time she was asleep in the top bed of a bunk bed, in her bedroom.

We first consider the legal sufficiency of the evidence. *See Clewis v. State*, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). In conducting a legal sufficiency review, we examine the verdict, after viewing the evidence in the light most favorable to the prosecution, to determine whether any rational trier of fact could have found the essential

10

elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560, 573 (1979); *Clewis,* 922 S.W.2d at 132-33.

If we find the evidence legally sufficient, we consider its factual sufficiency. *See Clewis*, 922 S.W.2d at 133. We evaluate the factual sufficiency by viewing all the evidence, not considering it in the light most favorable to the prosecution. It is the exclusive province of the jury to determine the credibility of the witnesses and the weight to be given their testimony. Accordingly, we defer to the jury's determination on those matters. *Johnson v. State*, 23 S.W.3d 1, 8 (Tex.Crim.App. 2000). The verdict will be set aside on factual sufficiency grounds only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id*. at 7.

A person commits aggravated sexual assault if the person intentionally or knowingly causes the penetration of the anus or female sexual organ of a child by any means and the victim is younger than 14 years of age. Tex. Pen. Code Ann. § 22.021(a)(1)(B)(i) and (a)(2)(B) (Vernon 2003). Appellant challenges the legal and factual sufficiency of the evidence to support any finding, beyond a reasonable doubt, that he penetrated the victim's female sexual organ with his finger. The record contains testimony of the victim responding to questions asked by the prosecutor as follows:

Q: What did he do with his finger?

A: He was moving it around.

Q: Where was he moving it around, B.?

A: In my private part.

Q: Your private part, is that–do you also call that your vagina?

A: Yes.

The state was required to prove that appellant penetrated the female sexual organ of the victim. This element is satisfied by proof of any penetration, no matter how slight. *Cowan v. State*, 562 S.W.2d 236, 238 (Tex.Crim.App. 1978); *Murphy v. State*, 4 S.W.3d 926, 929 (Tex.App.–Waco 1999, pet. ref'd). Contact with the female sexual organ in a manner a reasonable person would consider more intrusive than contact with the outer vaginal lips constitutes penetration. *Vernon v. State*, 841 S.W.2d 407, 409 (Tex.Crim.App. 1992). There was direct testimony that appellant's finger entered the victim's vagina. The victim's medical records show the victim told medical personnel that appellant "put his fingers in her vagina." Testimony from the victim's mother and officers who first interviewed the victim are consistent with the victim's testimony at trial.

The State presented testimony from the victim's treating physician, Elaine Maldonado, M.D., and evidence in the form of medical records, documenting the victim's treatment at a local emergency room. The mother of the victim had taken her to be evaluated in regard to the alleged sexual assault by appellant. Appellant points out that Dr. Maldonado testified she found nothing abnormal in her examination of the victim. Dr.

12

Maldonado's notes in the victim's medical records state there was "no physical evidence of penetration." In addition, the medical records contained a remark indicating the victim stated she had not been penetrated.

This evidence is not persuasive when reviewed in the context of Dr. Maldonado's complete testimony. She testified that it was not unusual for there to be no physical signs of injury in cases of "digital penetration" or improper touching. She stated that it would take "a lot of trauma to that area" to cause a change that would be evident on a physical exam.

A jury considering all the evidence could rationally conclude, beyond a reasonable doubt, that appellant penetrated the victim's sexual organ with his finger. When tested against the entire record, the finding would not be unjust or clearly wrong. Because the verdict was supported by legally and factually sufficient evidence, we overrule appellant's fourth issue.

Our disagreement with appellant's fourth issue renders it unnecessary to address his fifth issue, as to whether evidence was insufficient to find appellant guilty of a lesser included offense of indecency with a child. We affirm the judgment of the trial court.

James T. Campbell
Justice

13

Do not publish.