NUMBER
13-03-629-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG



DARRELL MAURICE
SINGER,                                                        Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.



 

                              On appeal from the 10th
District Court

                                      of
Galveston County, Texas.

 



 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 

 

 








A jury found appellant, Darrell Maurice Singer,
guilty of the felony offense of driving while intoxicated (DWI), enhanced by
one prior DWI, and assessed punishment at six years= confinement and a $10,000 fine. He now appeals from
his conviction and sentence. We affirm the judgment of the trial court.

Anders Brief

Appellant=s counsel filed an Anders brief with this
Court in which he concluded, after careful investigation, the appeal is
frivolous and without merit.  See
Anders v. California, 386 U.S. 738, 744 (1967).  The brief presents a professional evaluation
showing why there is no basis to advance an appeal.  See Stafford v. State, 813 S.W.2d 503,
509‑10, 510 n.3 (Tex. Crim. App. 1991). 
We conclude counsel's brief meets the requirements of Anders. See
Anders, 386 U.S. at 744‑45; High v. State, 573 S.W.2d 807, 813
(Tex. Crim. App. 1978).  Counsel also
informed appellant that he had the right to file a pro se appellate brief and
to review the record.  See McMahon v.
State, 529 S.W.2d 771, 772 (Tex. Crim. App. 1975); Johnson v. State,
885 S.W.2d 641, 646 (Tex. App.BWaco 1994, pet. ref'd) (per curiam).  Counsel provided appellant with a copy of the
reporter=s record and clerk=s
record to assist appellant with this brief. 
Over twelve months have passed since appellant was informed of his
rights and given a copy of the record, and no pro se brief has been filed. 

In the Anders brief, counsel raised the
following potential grounds for appeal: 
(1) a Batson challenge to the peremptory strike of an
African-American male venireperson;[1]
(2) possible error in the trial court=s denial of appellant=s
motion to suppress his statement to the police; (3) sufficiency of the evidence;
and (4) performance of counsel.  However,
counsel concluded, and we agree, that none of these potential grounds for
appeal has merit.   








With regard to the Batson challenge to the
State=s peremptory strike, we see that the State responded
by explaining its choice to strike the venireperson, as he did not agree with
the DWI law and was known to the prosecutor as having previously been a
defendant before the grand jury.  These
are facially race-neutral reasons for striking a venireperson, and appellant
did not produce evidence showing that the State=s
explanation was merely pretextual. See Williams v. State, 937 S.W.2d
479, 485 (Tex. Crim. App. 1996). 

With regard to the trial court=s denial of appellant=s
motion to suppress his statement to police because of alleged coercion, the
record demonstrates neither coercion on the part of police nor any violation of
appellant=s right to have counsel present at questioning.  Appellant was given Miranda warnings,
waived his right to counsel, and voluntarily gave a statement in which he
admitted to having consumed Aprobably about twelve to fifteen beers@ on the night in question and to being unable to
remember having been stopped, arrested or taken to jail by police.  We conclude that appellant knowingly and
intelligently waived his right to counsel, see Dinkins v. State, 894
S.W.2d 330, 350-51 (Tex. Crim. App. 1995), and that his statement was made
voluntarily.  See Alvarado v. State,
912 S.W.2d 199, 211 (Tex. Crim. App. 1995); Zayas v. State, 972 S.W.2d
779, 791 (Tex. App.BCorpus Christi 1998, pet. ref'd).  It was not an abuse of discretion for the
trial court to deny appellant=s motion.  See
Alvarado, 912 S.W.2d at 211.

Reviewing the legal and factual sufficiency of the
evidence, we see that the State produced sufficient evidence to support the
jury verdict, including appellant=s own admission to driving while intoxicated and a
videotape showing appellant=s impaired physical condition upon arrest.  See Johnson v. State, 23 S.W.3d 1, 7
(Tex. Crim. App. 2000) (reviewing requirements of legal and factual
sufficiency).  








Finally, with regard to the performance of trial
counsel, we find that there is no evidence in the record of inadequate or
ineffective assistance as required by Strickland v. Washington, 466 U.S.
668 (1984).  See Hernandez v. State,
726 S.W.2d 53, 55 (Tex. Crim. App. 1986) (en banc).                                          

Independent Review

Upon receiving an Anders brief, we must
conduct a full examination of all the proceedings to determine whether the case
is wholly frivolous.  Penson v. Ohio,
488 U.S. 75, 80 (1988).   In conducting
this review we see that immediately prior to trial, counsel requested a
competency hearing based on his client=s insistence that he was Anot on trial for DWI@ but
rather was Aon trial for somebody disliking me.@  The trial
court, however, denied counsel=s motion for a competency hearing after questioning
appellant further as to his understanding of the charge against him.  








In determining whether evidence requires empaneling
a separate jury to conduct a competency hearing, the trial court is to consider
only the evidence tending to show incompetency, and not evidence showing
competency, in order to find whether there is some evidence, a quantity more
than none or a scintilla, that rationally could lead to a determination of
incompetency.  Sisco v. State, 599
S.W.2d 607, 613 (Tex. Crim. App. 1980); Hatten v. State, 978 S.W.2d 608,
610-11 (Tex. App.BCorpus Christi 1998, no pet.) (per curiam).  A competency hearing is not required unless
the evidence is sufficient to create a bona fide doubt in the mind of the judge
whether the defendant meets the test of legal competence.  See Mata v. State, 632 S.W.2d 355, 357
(Tex. Crim. App. 1982); Guzman v. State, 923 S.W.2d 792, 797 (Tex. App.BCorpus Christi 1996, no pet.).   Given the evidence regarding the motion for
a competency hearing, we conclude the trial court did not abuse its discretion
in denying the motion, as there was insufficient evidence to create a bona fide
doubt as to appellant=s legal competency. 
See Garcia v. State, 595 S.W.2d 538, 542 (Tex. Crim. App. 1980).

We have reviewed the remainder of the entire record
and find that the appeal is wholly frivolous. See Stafford, 813 S.W.2d
at 509.  Accordingly, we affirm the
judgment of the trial court.

Motion to Withdraw

Counsel has requested to withdraw from further
representation of appellant on this appeal. 
An appellate court may grant counsel's motion to withdraw filed in
connection with an Anders brief.  Moore
v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); see Stafford,
813 S.W.2d at 511.  We grant counsel's
motion to withdraw and order him to notify appellant of the disposition of his
appeal and the availability of discretionary review.  See Ex parte Wilson, 956 S.W.2d 25, 27
(Tex. Crim. App. 1997) (per curiam).

Conclusion

The judgment of the trial court is affirmed.   

 

 

                                         

Rogelio Valdez,

Chief Justice

 

 

Do not publish.

TEX. R. APP. P. 47.2(b).

 

Memorandum Opinion delivered and filed

this 28th day of July, 2005.











[1]See Batson v. Kentucky, 476 U.S. 79, 89 (1986).